# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSH SPINKS, JR., | CASE NO. 1:10-cv-01886-AWI-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR ORDER GRANTING PLAINTIFF ACCESS TO UNRESTRICTED PHOTOCOPY SERVICES |
| v. | |
| E. LOPEZ, et al., | (Doc. 7) |
| Defendants. | |

Plaintiff Rush Spinks, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 12, 2010. On October 25, 2010, Plaintiff filed a motion seeking an order requiring the prison law librarian to provide Plaintiff with unrestricted photocopy services. Plaintiff's motion is based on a recent directive that in the absence of a court order, legal documents exceeding one-hundred pages will not be copied.

The pendency of this action does not give the Court jurisdiction over the law librarian or any other prison official at the Correctional Training Facility in Soledad and the Court cannot issue an order requiring prison officials to grant Plaintiff access to unlimited photocopy services. See e.g., Summers v. Earth Island Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009) (the plaintiff bears the burden of establishing standing for each form of relief he seeks in federal court); City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). If Plaintiff finds himself in a situation where he needs a document related to this case copied and he can show that his request for the copy was denied due

to the document's length, Plaintiff may notify the Court of the issue at that time.[1]  However, speculation regarding future litigation issues is not grounds for seeking court intervention.

Accordingly, Plaintiff's motion is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   April 8, 2011**                              /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff should note that he is not required to serve the Attorney General's Office with his court filings and he is not required to provide the Court with a courtesy copy.  (Doc. 3, First Informational Order, ¶¶3-4.)  Plaintiff should, however, retain a copy of any original court filing for his own records.