# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSH SPINKS, JR., | CASE NO. 1:10-cv-01886-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON COGNIZABLE EIGHTH AMENDMENT CLAIM AGAINST DEFENDANT LOPEZ AND OTHER CLAIMS AND DEFENDANTS BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| v. | |
| E. LOPEZ, et al., | |
| Defendants. | |
| | (Doc. 1) |
| | THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations Following First Screening**

**I.     Screening Requirement and Standard**

Plaintiff Rush Spinks, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 12, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Claims**

  **A.     Summary of Allegations**[1]

Plaintiff, who is currently incarcerated at Correctional Training Facility in Soledad, brings this action against E. Lopez, a licensed vocational nurse; T. Lau, supervising registered nurse; C. Schutt, acting health care manager; and two Doe defendants for violating his rights while he was incarcerated California State Prison-Corcoran. Plaintiff seeks damages and declaratory relief, and he alleges that his rights under the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment, and numerous California Penal Code sections were violated.

On August 25, 2008, Plaintiff was transported to an outside hospital, where he underwent his third hemorrhoidectomy for a chronic, severe, prolapsing hemorrhoid condition. Plaintiff's post-operative care included pain medication, a stool softener, and a sitz bath basin. Upon Plaintiff's

---

[1] Plaintiff's complaint is sixty-four pages, not including almost one-hundred pages of exhibits. The Court has reviewed Plaintiff's entire statement of his claims, but it elects to summarize only those facts material to Plaintiff's legal claims.

2

return to the prison on August 26, 2008, the prison hospital's ER nurse went over the instructions and assured him that adherence with the post-operative orders would not be a problem. Plaintiff subsequently went to the yard's medical clinic as directed, where he received a three-day lay-in and was told that the sitz bath basin had to be ordered.

Plaintiff received the sitz bath basin on August 27, 2008.

On September 1, 2008, Plaintiff went to the medical clinic to receive his noon dose of pain medication and while he was there, Defendant Lopez appeared at the clinic window and informed him he needed to return the sitz bath basin because the order authorizing its use had expired. Plaintiff told Defendant Lopez that she was mistaken and only the pain medication ordered by the surgeon had expired.

After Plaintiff returned to his cell, a correctional officer said Defendant Lopez had called and Plaintiff was supposed to return the sitz bath basin to the medical clinic. Plaintiff explained that Defendant Lopez was mistaken and showed the officer the medical order, which supported Plaintiff's position. The officer then left to call Defendant Lopez, but he returned to Plaintiff's cell and said Lopez was insistent and he would need to take the basin from Plaintiff if Plaintiff would not return it himself.

Plaintiff went back to the clinic with the basin, where he and Defendant Lopez argued over whether or not Plaintiff's order for the basin had expired. Plaintiff requested to keep the basin for another day until a doctor could straighten the matter out, due to pain and bleeding, but Defendant Lopez refused. Frustrated, Plaintiff impulsively threw the basin on the floor, where it bounced off the floor into the wall and then off the wall onto Defendant Lopez's foot. Plaintiff was handcuffed and escorted to the program office, and he was subsequently moved from general population to administrative segregation and issued a serious rules violation report (RVR) for battery on a non-peace officer with a weapon.

On September 3, 2008, Plaintiff filed an inmate appeal demanding his stool softener and to be provided with a sitz bath basin. On September 4, 2008, Plaintiff's medication and sitz bath treatment were reordered following review and clarification of the post-operative orders. On

///

September 5, 2008, staff in administrative segregation allowed Plaintiff to retain the sitz bath basin in his cell to facilitate his post-operative treatment.

Plaintiff was subsequently found guilty of the disciplinary charge against him. However, the RVR was ordered reissued and reheard due to unspecified prison-regulation related due process violations. Despite this order, Plaintiff was brought before the institutional classification committee on November 13, 2008, where he was assessed a nine-month, mitigated Security Housing Unit (SHU) term. However, the SHU term was suspended, and he was ordered released back to general population, which occurred on December 5, 2008. Plaintiff's work group/privilege group status was also reduced.

On December 9, 2008, Plaintiff was interviewed by Defendant Lau regarding his inmate appeal against Defendant Lopez. Defendant Lau issued a second-level appeal response memorandum on December 10, 2008, partially granting Plaintiff's appeal. Plaintiff's allegations were partially sustained, but it was determined that Defendant Lopez did not violate prison policy "with respect to one or more of the issues raised." (Comp., Ex. A, court record pp. 71-2.) The memorandum was signed by Defendants Lau, Schutt, Doe 1, and Doe 2. (Id.)

On January 6, 2009, Plaintiff's RVR was reheard, but for a third time, it was subsequently ordered reissued and reheard. At that rehearing, Plaintiff was found guilty of battery rather than battery with a weapon because the hearing officer determined that the sitz bath basin was not a weapon. Plaintiff was assessed a one-hundred fifty-day credit forfeiture as punishment.

On June 5, 2009, Plaintiff's appeal of the RVR was partially granted at the second level of review. At Plaintiff's request, staff reviewed his medical records; located the original post-operative order; and confirmed that it did not contain an expiration date of August 31, 2008, for the sitz bath basin, as Defendant Lopez had insisted. However, Plaintiff's allegation that he was "entrapped" by Defendant Lopez was not sustained.

**B.   Eighth Amendment Claims**

    **1.   Legal Standard**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. E.g., Patel v. Kent School Dist., 648 F.3d 965, 971

(9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  For each defendant named, Plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant.  Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).  There is no *respondeat superior* liability under section 1983, and each defendant may only be held liable for misconduct directly attributed to him or her.  Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted).  The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096 (quotation marks and citation omitted).  Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference.  Id. (citation and quotation marks omitted).  Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.  Id. (citation and quotations omitted).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  Berry v. Bunnell, 39 F.3d 1056, (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

**2.    Discussion**

Here, Plaintiff alleges the existence of a serious medical need and the interference with his prescribed medical treatment for that need by Defendant Lopez.  Plaintiff also alleges that as a result of the temporary interruption in his sitz bath treatment, he suffered additional pain and injury.  These

///

5

allegations are sufficient to support an Eighth Amendment claim against Defendant Lopez arising out of her interference with his post-operative care relating to the use of the sitz bath basin.

However, although lengthy and detailed, Plaintiff's complaint is devoid of any basis for the imposition of liability against Defendants Lau, Schutt, Doe 1, and Doe 2 under the Eighth Amendment. These defendants were involved in responding to Plaintiff's inmate appeal at the second level of review on December 10, 2008. Plaintiff's disagreement with the response to his appeal – issued more than three months after the incident with Defendant Lopez – provides no basis for holding them liable for Defendant Lopez's earlier misconduct. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Jett, 439 F.3d at 1096. Further, there is no *respondeat superior* liability under section 1983 and they cannot be held liable on the basis that they were Defendant Lopez's supervisors. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50.

In sum, Defendants Lau, Schutt, Doe 1, and Doe 2 were not personally involved in the interruption in Plaintiff's post-operative sitz bath treatment between September 1, 2008, and September 5, 2008, and therefore, they cannot be held liable under the Eighth Amendment. Because this claim is not capable of being cured through amendment, the Court recommends that it be dismissed, with prejudice.

  **C.**   **Due Process Claims**

    **1.**   **RVR for Battery**

Plaintiff alleges that Defendant Lopez violated his right to due process by way of her wrongful insistence that she was acting pursuant to a physician's order in demanding the return of the sitz bath basin.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing

on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff's due process claim fails on several grounds. First, Plaintiff was assessed a credit forfeiture as a result of being found guilty of battery on a non-peace officer. State prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005). Known as the favorable termination rule, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81. Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if*'s success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-2.

It appears that Plaintiff's credit loss was not restored. If so, Plaintiff is barred from litigating in this action any claim which, if successful, would invalidate the disciplinary finding which led to the credit forfeiture. Within the purview of the favorable termination rule would be any due process challenge to the issuance of the RVR or to the disciplinary hearing, as a finding in Plaintiff's favor would necessarily invalidate the finding of guilt.

Second, even if Plaintiff's claim is not barred by the favorable termination rule because he did not ultimately lose time credits, his due process claim still fails. Plaintiff has not identified the existence of a protected liberty interest. Neither the reduction in Plaintiff's work group/privilege group status nor his placement in administrative segregation for approximately three months

///

implicates a protected interest, and the absence of an identifiable interest precludes the finding of a viable due process claim. Wilkinson, 545 U.S. at 221.

In addition to the lack of an identifiable liberty interest, Plaintiff is only entitled to very limited procedural protections for a prison disciplinary hearing. Wolff v. McDonnell, 418 U.S. 539, 563-71, 94 S.Ct. 2963 (1974). Plaintiff does not dispute that he threw the sitz bath basin on the floor or that it bounced off the wall and hit Defendant Lopez's foot, giving rise to the disciplinary charge of battery on a non-peace officer. While Plaintiff may disagree with the issuance of the RVR or believe that Defendant Lopez "entrapped" him by causing the entire incident via her wrongful demand for the return of the basin and/or her unsupportable insistence that she was acting pursuant to a physician's order, those grounds do not provide a basis for the imposition of liability against Defendant Lopez for denial of due process relating to Plaintiff's RVR. Id. These deficiencies are not curable through amendment and the Court recommends dismissal, with prejudice.[2]

### 2.   **Inmate Appeals Process**

Plaintiff also alleges a due process claim against Defendants Lau, Schutt, Doe 1, and Doe 2 arising out of their involvement with the review of and the decision on his inmate appeal, specifically in relation to their finding that Defendant Lopez did not violate prison policy. However, there is no constitutionally protected right to a prison grievance process and Plaintiff may not base a due process claim on his dissatisfaction with the investigation and resolution of his inmate appeal by Defendants Lau, Schutt, Doe 1, and Doe 2. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001). This claim fails as a matter of law and the Court recommends dismissal, with prejudice.

### D.   **Penal Code Violations**

In addition, Plaintiff alleges violations of sections 134, 182(a)(5), 2652, and 2653 of the California Penal Code. Section 134 prohibits the preparation of false documentary evidence; section 182(a)(5) prohibits the conspiracy to commit injurious acts to public health, public morals, or to

---

[2] If the only ground for dismissing Plaintiff's due process claim was the favorable termination rule, dismissal without prejudice would be appropriate. However, Plaintiff's claim fails on the merits, notwithstanding the favorable termination rule, and dismissal with prejudice is therefore appropriate.

8

pervert or obstruct justice or due administration of law; section 2652 prohibits cruel, corporal, or unusual punishments or treatment injurious to health; and section 2653 prohibits prison employees from modifying or cancelling an order for medical treatment by a prison doctor.

A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316, 99 S.Ct. 1705 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for interring that a civil cause of action of some sort lay in favor of someone.'" Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79, 95 S.Ct. 2080 (1975)). The Court has reviewed the penal codes sections in question and there is no language suggesting that civil enforcement of any kind is available to Plaintiff. Cort, 422 U.S. at 79-80; Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1469-70 (9th Cir. 1984); also Gonzaga University v. Doe, 536 U.S. 273, 283-86, 122 S.Ct. 2268 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy); Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). Accordingly, the Court finds that Plaintiff's claims fail as a mater of law.

### E. Claim for Declaratory Relief

Finally, in addition to damages, Plaintiff seeks declaratory relief, but because his claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005) (quotation marks omitted). Therefore, this action properly proceeds as one for damages only.

## III. Conclusion and Recommendation

Plaintiff's complaint states a cognizable claim for relief against Defendant Lopez for violation of the Eighth Amendment arising out of her interference with his post-operative medical treatment, but it does not state any other Eighth Amendment claims, any cognizable due process claims, or any cognizable claims based on violation of the state penal code. These deficiencies are not capable of being cured through amendment and therefore, the Court recommends that this action proceed on Plaintiff's viable Eighth Amendment claim and the other claims and defendants be

dismissed. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed as one for damages on Plaintiff's Eighth Amendment medical care claim against Defendant Lopez arising out of her interference with Plaintiff's post-operative medical treatment;

2. All other Eighth Amendment claims be dismissed, with prejudice, for failure to state a claim;

3. Plaintiff's due process claims be dismissed, with prejudice, for failure to state a claim;

4. Plaintiff's state penal code section claims be dismissed, with prejudice, for failure to state a claim;

5. Plaintiff's claim for declaratory relief be dismissed, with prejudice, for failure to state a claim; and

6. Defendants Lau, Schutt, Doe 1, and Doe 2 be dismissed based on Plaintiff's failure to state any claims against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 8, 2012**               /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE