# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSH SPINKS, JR., | CASE NO. 1:10-cv-01886-AWI-SKO PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING CERTAIN CLAIMS AND DEFENDANTS, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE TO INITIATE SERVICE OF PROCESS |
| v. | |
| E. LOPEZ, et al., | |
| Defendants. | (Docs. 1 and 10) |

Plaintiff Rush Spinks, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 12, 2010. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 8, 2012, the Magistrate Judge screened Plaintiff's Complaint and issued a Findings and Recommendations recommending that the action proceed as one for damages on Plaintiff's Eighth Amendment medical care claim against Defendant Lopez arising out of her interference with Plaintiff's post-operative medical treatment. 28 U.S.C. § 1915A. The Magistrate Judge recommended that all other claims and defendants be dismissed for failure to state a claim, without leave to amend because the deficiencies were not capable of being cured. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). After obtaining an extension of time, Plaintiff filed a timely Objection on May 18, 2012.

Plaintiff concurs with the recommendations that his Eighth Amendment claims other than the one against Defendant Lopez be dismissed, that his claims based on violation of the California Penal Code be dismissed, and that his claim for declaratory relief be dismissed. However, Plaintiff

1

objects to the dismissal of his due process claims and he argues the deficiencies can be cured. For the following reasons, the Court concurs with the Magistrate Judge's findings and recommendations.

Plaintiff objects to the dismissal of his due process claim against Defendant Lopez, which arises out "of her wrongful insistence that she was acting pursuant to a physician's order in demanding the return of the sitz bath basin." (Doc. 10, F&R, 6:19-21.) The Magistrate Judge found that Plaintiff's due process claim cannot proceed for two reasons: (1) It is barred by the favorable termination rule; and (2) It fails on the merits. In response, Plaintiff argues that the introduction of false testimony at a prison disciplinary hearing violates the due process clause.  While Plaintiff admits that that he failed to identify a protected liberty interest in his complinat, he can cure that deficiency.

Plaintiff lost time credits as a result of being found guilty of battery on a non-peace officer and he does not contend otherwise in his Objection. Accordingly, Plaintiff's claim that his due process rights were violated by Defendant Lopez during the course of prison disciplinary proceedings is barred by the favorable termination rule until and unless the credit forfeiture is set aside. *Wilkinson v. Dotson*, 544 U.S. 74, 81-2, 125 S.Ct. 1242 (2005).

The Magistrate Judge went on to find that even if the credits have been restored and Plaintiff's claim is not barred, the claim still fails because Plaintiff does not identify the existence of a protected liberty interest. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). In so concluding, the Magistrate Judge considered the punishment assessed against Plaintiff, stating that neither the reduction in his work group/privilege group status nor his placement in administrative segregation for approximately three months implicated a protected liberty interest. *Id.* Although Plaintiff argues that this deficiency can be cured, he fails to specify how or on what grounds.

Finally, even assuming the presence of a liberty interest, the Magistrate Judge correctly found that Plaintiff fails to show how he was denied any of the procedural protections he was due under federal law. *See Wolff v. McDonnell*, 418 U.S. 539, 563-71, 94 S.Ct. 2963 (1974); *Superintendent v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985). Defendant Lopez was a witness at Plaintiff's hearing; she was not the hearing officer. Plaintiff's allegations do not support a claim that during the proceedings, he was deprived of the procedural protections to which he was due. *Hill*, 472 U.S.

at 455; *Wolff*, 418 U.S. at 563-71.

Furthermore, as found by the Magistrate Judge, Plaintiff does not dispute that the underlying conduct which gave rise to the Rules Violation Report occurred. (F&R, 8:3-12.) Rather, he disagrees with the issuance of the Rules Violation Report and he believes that Defendant Lopez instigated or caused the incident through her wrongful insistence that his medical order for the sitz bath had expired.[1] Assuming Defendant Lopez wrongly insisted that Plaintiff's medical order had expired and she wrongfully testified as such during his disciplinary hearing, those actions did not deprive Plaintiff of a protected liberty interest without due process in a guilty finding for *battery*.[2]

Finally, Plaintiff objects to the dismissal of his "due process claim against Defendants Lau, Schutt, Doe 1, and Doe 2 arising out of their involvement with the review of and the decision on his inmate appeal, specifically in relation to their finding that Defendant Lopez did not violate prison policy." (F&R, 8:14-16.) Citing to the dissenting opinion in *Rizzo v. Goode*, 423 U.S. 362, 381, 96 S.Ct. 598 (9th Cir. 1985), Plaintiff argues that *respondeat superior* is in fact permissible under section 1983 and that Defendants' failure to act permitted Defendant Lopez to repeat her false assertions at his disciplinary hearing.

It is well established that there is no *respondeat superior* liability under section 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77, 129 S.Ct. 1937 (2009). Further, Plaintiff may not pursue a due process claim against Defendants Lau, Schutt, Doe 1, and Doe 2's arising out of their involvement in responding to his inmate appeal, which grieved the past conduct of Defendant Lopez, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff's due process claim fails as a matter of law and the Magistrate Judge correctly recommended dismissal without leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. Accordingly, it is HEREBY ORDERED that:

---

[1] After arguing with Defendant Lopez over his right to possess the sitz bath, Plaintiff impulsively threw it on the ground, where it bounced into the wall and then onto Defendant's foot, giving rise to a charge of battery on non-peace officer.

[2] Assuming, as previously set forth, that Plaintiff did not lose time credits.

3

1. The Court adopts the Findings and Recommendations, filed on March 8, 2012, in full;

2. This action shall proceed as one for damages on Plaintiff's Eighth Amendment medical care claim against Defendant Lopez arising out of her interference with Plaintiff's post-operative medical treatment;

3. All other Eighth Amendment claims are dismissed, with prejudice, for failure to state a claim;

4. Plaintiff's due process claims are dismissed, with prejudice, for failure to state a claim;

5. Plaintiff's California Penal Code claims are dismissed, with prejudice, for failure to state a claim;

6. Plaintiff's claim for declaratory relief is dismissed, with prejudice, for failure to state a claim;

7. Defendants Lau, Schutt, Doe 1, and Doe 2 are dismissed based on Plaintiff's failure to state any claims against them; and

8. This matter is referred back to the Magistrate Judge to initiate service of process.

IT IS SO ORDERED.

Dated:   May 31, 2012

CHIEF UNITED STATES DISTRICT JUDGE