# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSH SPINKS, JR., | CASE NO. 1:10-cv-01886-AWI-SKO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| E. LOPEZ, | (Doc. 30) |
| Defendant. | |

**I.  Introduction**

Plaintiff Rush Spinks, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 12, 2010.  This action is proceeding against Defendant Lopez for interfering with Plaintiff's post-operative medical treatment, in violation of the Eighth Amendment of the United States Constitution.  Plaintiff's other Eighth Amendment claims, due process claims, state penal code section claims, and claim for declaratory relief were dismissed, with prejudice, for failure to state a claim; and Defendants Lau, Schutt, Doe 1, and Doe 2 were dismissed from the action based on Plaintiff's failure to state any claims against them.

Pursuant to the scheduling order filed on September 18, 2012, the amended pleadings deadline was March 18, 2013, the discovery deadline is May 18, 2013, and the pretrial dispositive motion deadline is July 29, 2013.  Fed. R. Civ. P. 16(b).  On February 25, 2013, Plaintiff filed a timely motion seeking leave to file an amended complaint.  Fed. R. Civ. P. 15(a).  Defendant filed an opposition on March 11, 2013, and Plaintiff filed a reply on April 1, 2013.  Local Rule 230(l).

## II. Legal Standard

At this juncture in the proceedings, Plaintiff may only amend with leave of court, and Rule 15 provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[P]ublic policy strongly encourages courts to permit amendments" and "[t]he policy of allowing amendments is to be applied with extreme liberality." *Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008) (citations and internal quotation marks omitted), *cert. denied*, 130 S.Ct. 2415 (2010); *also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). In determining whether to grant leave to amend, courts generally consider four factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *In re Korean Airlines Co., Ltd.*, 642 F.3d 685, 701 (9th Cir. 2011) (citing *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)) (quotation marks omitted); *also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962); *Waldrip*, 548 F.3d at 732; *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Eminence Capital, LLC*, 316 F.3d at 1052. Prejudice carries the greatest weight, and absent prejudice or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Capital, LLC*, 316 F.3d at 1051-52 (quotation marks omitted); *accord C. F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1566 (2012).

## III. Discussion

### A. Parties' Positions

The only ground for amendment articulated in Plaintiff's motion is his desire to conform his complaint to the operative screening order, filed on June 1, 2012. 28 U.S.C. § 1915A.

Defendant argues that the motion should be denied because the proposed amendment would serve no other purpose than to burden her, suggesting Plaintiff is seeking leave to amend in bad faith. Defendant contends that there are no new claims or defendants identified in the amended complaint, and while the amended complaint is clearer and more concise, it does nothing more than omit

///

defendants and claims which were previously dismissed, restate the allegations against Defendant, and reduce to amount of damages sought.

In reply, Plaintiff reiterates that he seeks to bring his complaint into conformance with the screening order, and he states that while he failed to address the issue in his motion, he is also attempting to conform the complaint to Rule 8(e)(1) of the Federal Rules of Civil Procedure by reducing the number of pages and reducing the number of exhibits. Plaintiff also states that he seeks to correct the following deficiencies in his original complaint: non-sequential paragraph numbering, a mistake in the verification regarding where it was executed, and the inclusion of excessive, unnecessary allegations. Plaintiff contends that his desire to reduce the damages sought is reasonable in light of the dismissal of his due process claims, but he also states that the allegations in the amended complaint are not identical and he has added three state-created liberty interests.

**B.** **Grounds for Amendment**

**1.** **Non-Substantive Matters**

The usual purpose behind amendment of a complaint is the desire to add or dismiss claims and/or parties. The rule is not intended to effect inconsequential, non-merits based changes. In this instance, Plaintiff's complaint has already been thoroughly screened and certain claims and parties were dismissed. 28 U.S.C. § 1915A. It is unnecessary for Plaintiff to omit either claims and parties already dismissed or facts relating to those claims and parties, and allowing Plaintiff to do so would confer no benefit on Plaintiff while burdening the resources of the Court, which must re-screen the pleading, and Defendant, who must file an answer to the pleading. Assuming Plaintiff's request for relief is motivated by a good faith desire to "clean up" his complaint so that it conforms with the screening order, the Court declines to grant leave to amend. The federal system is one of notice pleading and Plaintiff's complaint has already been found to state a cognizable claim for relief against Defendant Lopez. Rule 15(a) is not a rule of housekeeping.

**2.** **Demand for Relief**

Rule 8(a) requires only that the pleading contain a demand for the relief sought, Fed. R. Civ. P. 8(a)(3), and Plaintiff shall be granted the relief to which he is entitled, even if he did not demand that relief in his complaint, Fed. R. Civ. P. 54(c). Thus, Plaintiff is not bound by the precise damage

3

amount demanded in his complaint, and it is entirely unnecessary for Plaintiff to amend to reduce, or increase, the damages he seeks.

### 3. **Addition of Claim**

Finally, although Plaintiff represents that he is only seeking to bring his pleading into conformance with the screening order, Plaintiff's argument that he seeks to set forth three additional state-created liberty interests and his inclusion of two separate claims for relief in the amended complaint contradict that representation. At worst, Plaintiff is attempting to import into his amended complaint new bases for claims without acknowledging he is doing so. At best, Plaintiff's proposed factual additions muddy the record and have the potential to create future issues with respect to claims raised. Regardless, allowing Plaintiff leave to file an amended complaint alleging a second claim for relief against Defendant Lopez is futile for the reasons which follow.

Plaintiff identifies the first claim for relief as "Violation of Plaintiff's Eighth Amendment Right to be Free from Intentional Infliction of Cruel and Unusual Punishment" and it arises out of Defendant Lopez's alleged interference with Plaintiff's post-surgical medical care. (Doc. 31, Prop. Amend. Comp., 17:20-21.) Plaintiff identifies the second claim for relief as "Eighth Amendment Violation - Deliberate Indifference to Serious Medical Needs." (*Id.*, 21:11-12.) Plaintiff alleges that he has a state-created liberty interest in (1) receiving adequate medical care; (2) being treated respectfully, impartially, and fairly; and (3) avoiding discrimination. (*Id.*, ¶99, 110, 112.)

The underlying events remain unchanged and those events support a claim against Defendant Lopez for violating the Eighth Amendment, a claim upon which this action currently proceeds. There exists no second Eighth Amendment claim against Defendant Lopez as there are no grounds for a separate claim. That leaves only the possibility that Plaintiff is attempting to state a separate due process claim against Defendant Lopez and given Plaintiff's use of terminology borrowed directly from the legal standard for due process, that possibility cannot be ignored.

As an initial matter, Plaintiff is precluded from pursuing a substantive due process claim against Defendant Lopez for interfering with his post-surgical medical care. The concept of substantive due process is expanded only reluctantly and therefore, if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard

appropriate to that specific provision, not under the rubric of substantive due process. *County of Sacramento v. Lewis*, 523 U.S. 833, 843, 118 S.Ct. 1708 (1998) (quotation marks and citation omitted). In this case, the Eighth Amendment is the specific constitutional provision which covers Plaintiff's medical care claim. Any attempt to bring an additional substantive due process claim fails as a matter of law.

With respect to procedural due process, "[t]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). There is no indication that Plaintiff is attempting to restate the due process claims which have been dismissed, as those arose from the prison disciplinary and inmate appeals processes, but he is nonetheless alleging that he was deprived of state-created liberty interests.

In the prison context, liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 221; *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). The provision of inadequate medical care; the failure to treat inmates treated respectfully, impartially, and fairly; and discriminatory conduct are not conditions which create any protected liberty interests, thereby entitling Plaintiff to some form of process. *Wilkinson*, 545 U.S. at 221; *Myron*, 476 F.3d at 719. Given that Plaintiff has not alleged facts which give rise to a cognizable procedural due process claim, allowing him leave to amend to add such a claim would be futile.

**IV.     Conclusion and Order**

Based on the foregoing, the Court finds that Plaintiff has not met his burden as the party seeking leave to amend. The Court is mindful of the liberality of Rule 15(a) and the leniency accorded pro se litigants, but the rule is not a housekeeping provision intended to effect minor administrative changes to the pleading. In addition, the Court may properly deny leave to amend if the proposed substantive amendments are futile, as they are here. *E.g.*, *Woods v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105-06 (9th Cir. 2011); *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Therefore, Plaintiff's motion seeking leave to file an amended complaint, filed on February 25, 2013, is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

**Dated:**   **May 3, 2013**                              /s/ Sheila K. Oberto
                                                         UNITED STATES MAGISTRATE JUDGE