UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSH SPINKS, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>E. LOPEZ,<br><br>    Defendant. | No. 1:10-cv-01886-AWI-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT<br><br>(Doc. 85) |

  Plaintiff Rush Spinks, Jr., is a state prisoner appearing *pro se* in this closed civil rights action. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On March 24, 2014, the Court adopted findings and recommendations issued by the assigned magistrate judge (Doc. 65), granting Defendant's motion for summary judgment (Doc. 41) and closing this action. (Doc. 73.) On July 2, 2020, Plaintiff filed a motion for relief from final judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. (Doc. 85.) Plaintiff brought the motion on the grounds that "Defendant, Defendant's medical expert, and Defendant's counsel … commit[ed] fraud upon the Court." (*Id.* at 2.) No opposition was filed, and on October 26, 2020 and November 23, 2020, Plaintiff filed requests for entry of default against Defendant E. Lopez on that basis. (Doc. Nos. 86 and 88.)

  Under Rule 60(b), "the court may relieve a party … from a final judgment, order, or

proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court finds that Plaintiff's motion falls under reason (3), i.e., alleged fraud, misrepresentation, or misconduct by the opposing party. (*See* Doc. 85 at 18-28.) Pursuant to Rule 60(c)(1), Plaintiff had one year to file such a motion after the entry of final judgment, i.e., up until March 24, 2015. The present motion, therefore, is more than 5 years overdue.

Plaintiff suggests that his motion should fall under reason (6) because the defendant, a medical expert, and defense counsel allegedly committed fraud on the Court. (*See* Doc. 85 at 3-4.) The Court disagrees. In his motion, Plaintiff contends that Defendant and a medical expert committed perjury or withheld evidence in declarations submitted to the Court in support of a motion for summary judgment. (*See id.* at 13-28.) The Court does not find that the alleged misconduct constitutes fraud on the court. *See United States v. Estate of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011) ("[m]ere nondisclosure of evidence … [or] perjury by a party or witness, by itself, is not normally fraud on the court") (internal quotation marks and citation omitted). Plaintiff appears to attempt to circumvent this general rule by alleging that defense counsel participated in the fraud. (*See* Doc. 85 at 28-29.) *Cf. Estate of Stonehill*, 660 F.3d at 444 ("[s]ome courts … have suggested that perjury should not usually constitute fraud on the court unless an attorney or other officer of the court was a party to it") (internal quotation marks and citation omitted). However, Plaintiff's allegations regarding defense counsel's participation are purely speculative and are certainly not based on clear and convincing evidence. *Id.* at 443-44 (courts "exercise the power to vacate judgments for fraud on the court … only when the fraud is established by clear and convincing evidence") (internal quotation marks and citation omitted).

Further, Plaintiff provides no reason why an opposition should be required to a motion

filed more than six years after this case was closed and the Court sees none. *See Harris v. Corr. Corp. of Am.*, 2012 WL 12893997, at *1 (M.D. Fla. Oct. 18, 2012), *aff'd*, 546 F. App'x 885 (11th Cir. 2013).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for relief from final judgment (Doc. 85) is DENIED;
2. Plaintiff's requests for entry of default (Doc. Nos. 86 and 88) are DENIED; and
3. No further filings will be entertained in this closed case.

IT IS SO ORDERED.

Dated: __December 2, 2020__                    _____
                                                SENIOR DISTRICT JUDGE